Good morning, chief judge, and may it please the court, Brian Mizer on behalf of senior airman Lewis, if I could reserve two minutes of my time for rebuttal. Through the Uniform Code of Military Justice, Congress authorized senior airman Lewis to be tried by a panel of eight military officers, and to be convicted with concurrence of two thirds of those officers. But at the time of senior airman Lewis's court martial and direct appeal, neither Congress nor any military appellate court had to employ a preponderance of the evidence standard during their deliberations, or to use one charge defense to prove another charge defense. Court of Appeals for the Armed Forces or CAF has since concluded it was an obvious violation of basic due process for them to do so. And senior airman Lewis received the ineffective assistance of counsel on direct appeal when his military appellate lawyers failed to raise that preserved issue. Senior airman Lewis has just two major points of district court's otherwise well reasoned opinion, and I'd like to address each of those in turn. First, the court heard when it held the CAF decision in Hills announced a new rule of criminal procedure, and is thus not available to airmen whose convictions were final when Hills was decided. And second, that any error was harmless beyond a reasonable doubt, which is applicable both for the prejudice assignment of error dealing with Teague, but also the analysis under Strickland. Turning first to Teague, as this court is well aware, old rules apply on both direct appeal and collateral attack. And as the district court noted on page 14 of the excerpts of the record, it said, quote, Indeed, the Hills court stated that the right decision foreshadowed its holding. And that really should have been the end of the court's analysis with respect to the retroactivity in that Hill simply didn't break new ground. It merely applied right to new facts. In right, the phrase uncharged appears six times in its discussion, upholding the constitutionality of military rule of evidence for 13. In addition, Article 51 of the Uniform Code of Military Justice, has established beyond a reasonable doubt as the standard in courts martial since its adoption in May of 1950. At the time of Senior Airman Lewis's court martial and direct appeal, there wasn't any authority for the use of the propensity instruction, other than an army pamphlet, commonly known as the military judges bench book. And as the Army Court of Formal Appeals stated in Hoffman, that isn't legal authority whatsoever. It was a statute to the contrary. More importantly, Article 51, that statute has just had its 70th birthday, and Senior Airman Lewis is entitled to that very old rule. If I can turn to the court's harmless beyond a reasonable doubt analysis, which again is also Council before you do that, to what extent should we be considering the principle that it has to be a watershed rule? Well, Judge, I don't think that you get to the exceptions of a new rule if it isn't a new rule. And so if you look at a case like Wharton v. Boxing, where the court is analyzing whether or not Crawford is a new rule from Ohio v. Roberts, and that's perhaps an easier answer, right? In that I think anyone who applied the old Roberts test, you would know that Crawford was a departure from that. But here, there simply isn't a new rule. And so it is Senior Airman Lewis's position that you don't get to the exceptions, which the district court did, because it's an old rule. As I suggest, the judge is the 70 year old rule of what the standard of evidence is for a military jury. And you simply apply the old rule to this case. Thank you. With respect to the harmless beyond a reasonable doubt analysis, which is, again, relevant for purposes of Strickland. Again, the district court, citing a CAF case called United States v. Huckel, correctly noted that the prejudice analysis is a balancing test between the prosecution's reliance on the unconstitutional propensity instruction, because there are cases simply where the prosecution didn't stress the instruction, and you balance that with the sufficiency of the evidence. That's at page 16 of the excerpts of the record. And on page 19, the court also noted correctly that the prosecution here made extensive use of the unconstitutional propensity instruction, indeed going so far as to say it was the quote, glue in quotes that formed the foundation of reasonable doubt in this case. Where the court erred was when it held that the prosecution's repeated reliance was somehow overcome by the strength of the 17 of the excerpts of the record. And again, at 18, when it found convincing conduct for which the jury actually acquitted Senior Airman Lewis, there were five specifications that went before the jury involving four complaining victims, and Senior Airman Lewis was acquitted of two of those. Indeed, two of the three remaining charges for which sheen Senior Airman Lewis was convicted are precisely the type of he said she said cases that the cap has routinely reversed in the wake of hills. As the government points out, there are a handful of cases and you can count them on one hand, where the where the weight of the evidence has been so overwhelming, that the court has not reversed, or has concluded that the government has met its burden to establish harmless beyond reasonable doubt. But that is those are not the facts of this case, Your Honor. In addition to the cap cases that we've cited Guardardo Williams, there is one circuit court of criminal appeals case that I'm aware of at this point. And the district court noted that as well. And that is Evans v. Horton, which is 791 Federal Appendix 568. And that case is instructive for several purposes. One, it gives an example of what overwhelming evidence that satisfies the harmlessness beyond reasonable doubt what that looks like. And in that case, the victim was a certain 16 year old German girl, she was a stranger to Staff Sergeant Evans. He sexually assaulted her outside of an October fest event. In Germany, she bit his hand, which was evidence of the sexual assault. And then there was a videotaped confession, where he admitted the to agents of OSI, the Air Force Office of Special Investigations. And then also noted that he had washed his clothes to destroy the evidence. Judges, we submit that that is the narrow category of cases that is harmless beyond reasonable doubt. And it pales in comparison to the evidence in this case. As the 10th Circuit noted in finding no prejudice, the government, the 10th Circuit noted that also again, with respect to the balancing that the government in Staff Sergeant Evans case focused on the confession, not the propensity instruction in its closing argument, as opposed to here, where again, it was the glue that held the government's case together. Evans is also relevant to Senior Airman Lewis's argument that he received ineffective assistance of counsel on direct appeal, and specifically the deficient performance prong of Strickland. The issue in Evans was a little bit different. There, the government was arguing procedural default, because Staff Sergeant Evans hadn't raised Hills error with the military courts before coming to the 10th Circuit. And at page 571, the 10th Circuit notes that Evans sought to excuse that failure, quote, because the law at the time of his trial was settled, such that raising the issue would have been Now the United States, as the court noted, argued, on the contrary, and as the government points out, litigants and other cases taking place around the same time, as Evans 2014 trial, and 2015, appeal, were raising this very argument. It was deficient performance for Senior Airman Lewis's appellate defense counsel to fail to raise this same issue in his 2015 deal. And the government should not be heard to argue. Otherwise here, the US Attorney's Office in Kansas had it right. There was no valid reason for Senior Airman Lewis's appellate defense attorney not to raise this issue on direct appeal. And the prejudice again, we link back to harmless beyond reasonable doubt analysis earlier. Counsel, does that go to the full and fair consideration issue? Your Honor, this court's precedent is de novo review with respect to constitutional error. And we would invite the court's attention to Hathaway, the Secretary of the Army 641 F second 1380, which is cited in the in the pleadings. And I think that one of the important points that I want to make here is that full and fair consideration under Burns isn't the last word that you would suspect from reading the government's papers. Schlesinger v. Councilman is the last word on collateral attack of courts martial. And there are two ways to do it. Under 2241, as Senior Airman Lewis does, but also under 1331, as, as was the issue in Councilman, but also in in Hathaway. And while full and fair consideration has meant many things to many courts, and we note that in the in the both the DC circuit, and this circuit have applied de novo review, at least with respect to constitutional error. And whatever it means, we know that the narrower scope of review under 1331, that is set out in Councilman, and specifically page 747, says that Article Three courts have jurisdiction  for some other fundamental defects. The court also concluded by suggesting that habeas was broader than collateral attack under 1331, where it said on page 753, both grounds of impeachment cognizable in habeas proceedings may not be sufficient to warrant other forms of collateral relief. So while the exact scope of full and fair consideration isn't fully illuminated, and the circuits are split many different ways on that, this court need not address that because we can satisfy the de novo review even under the much narrower 1331 jurisdiction. That's the standard that is there, that this court martial was simply void because of a fundamental defect. And here it is having Senior Airman Lewis's eight member jury find his guilt beyond a reasonable doubt. Your Honor, is there a manager at your time? Yes, please, Judge. Very good. We'll hear from the government. Mr. Nguyen. Afternoon, Mr. Chief Judge, Your Honors, and may it please the court. I am Major Hank Nguyen, Agency Counsel for the US Air Force, and arguing on behalf of Respondent Appellee as named the United States. This is a case of a former military member who has afforded a full due process in his trial, appeals, and review in the military courts, according to the existing law at each of those times. He now seeks to overturn the federal district courts correct denial of his habeas petition for procedural default. But in order for Appellant Mr. Lewis to succeed on his petition, he must overcome five successive tests. These are these tests form a daisy chain, a fault in any one link in the daisy chain is fatal to the petition. In sequence, those in sequence, those five links are one, the waiver of the ineffective assistance of appellate counsel claim to the waiver of the underlying propensity instructional error claim. Three, the military courts on fair consideration and denial under collateral review of the claim that hills is retroactive under T or hills as a new rule. And finally, five, the non retroactivity of the new rule that is procedural and without watershed status. Now, although appellants arguments fail on all five tests, this court need not reach past the first, the waiver of the ineffective assistance of appellate counsel, because that claim is barred by procedural default. Appellant did not raise an effective assistance of appellate counsel on direct military review before the Court of Appeals of the Armed Forces, nor did he raise it in any direct appeals or afterward while the military court still had jurisdiction, neither did he raise it two years later, during his quorum Novus petition when he was represented by new counsel. The very first time that he raised the ineffective assistance of appellate counsel was in this petition. Now, the Supreme Court has addressed such use of ineffective assistance of appellate counsel as, as excuse for procedural default. And in the Carpenter case, as cited in our brief, in Carpenter, the Supreme Court held that ineffective assistance of appellate counsel is an independent claim that must be separately raised on direct appeal to the courts before it can be used as cause for procedural default of another claim. And where the consumer has failed to do so, he must also supply cause and prejudice for his failure to raise that effective assistance claim. And appellate here hasn't made any showing in that regard as to cause for his failure to raise an effective assistance of appellate counsel. And since he also, since appellate has also conceded that he failed to raise the instructional error on direct appeal, both claims are waived. And therefore, this court need not look any further and may deny the appeal and deny the habeas petition on that We'd also like to point out that we're in an unusual situation where in addition to the procedural bar, the military courts also fully and fairly considered the Hills retroactivity question, because that was raised on form Novus petition in 2017. And in its holding, the Air Force Court gave two alternative holdings. One, it denied the form Novus relief on threshold requirements, thus affirming the procedural bar, and also fully and fairly considered the retroactivity question itself by conducting a full Teague analysis, finding that Hills was a new rule that was procedural and without watershed status, and therefore did not apply retroactively. Now, the appellate appellate raises DC Circuit case law, and other cases to try to seek this court to adopt the rationale of another circuit. But the cases cited by appellant in Sanford and Kaufman are contrary to this court's own precedent in Davis  as cited in our brief. Because in March, this court asserted that the federal district court's view on habeas petition is a collateral review of a of a military conviction is in its role, supervisory role is more limited than the supervisory role that it would have for a state court decision. And in on habeas review of court martial review is limited to the questions of whether the court martial had jurisdiction, and whether it acted within its lawful powers. The habeas review does not extend to a re litigating of the issues. And I choose to broaden what brought in the scope of review under full and fair consideration would be to run afoul of Burns v. Wilson, which made very clear under by the Supreme Court, that military courts are separate and apart from the civilian judicial establishment. And so, full and fair consideration and procedural default are rules that are born out of not just in the interest of comedy and federalism, as in the case of state, state court review, but also in the interest of separation of powers. And to not defer to the state, the military court decision would be to run afoul of Congress's Congress's military justice scheme that is set up, run afoul of the article one courts decision. So this book, what we have here is we have a military rule in the hills. And the last word from the Air Force Court, both in this case, and the last word on the hills retroactivity question, saying that this military rule does not apply retroactively. Therefore, this court should grant deference to that decision under full and fair consideration. Is it based purely on deference? Or there are other rationales that would support your view? No, your honor is not purely based on deference. But what we do have here specifically is a military court interpreting its own rules. And so it is not so not out of just any statutory deference or deference under the principles of comedy, and separation of powers, but we have a court who's in the best position to interpret these rules making that assessment. You know, it leads me to a question I was going to say for later, but I'm not sure T applies here. First, I my preliminary question is, is there cases as Teague applies to, to military courts? Yes, your honor. In, in, I believe it's the loving case I cited in our brief, the, the Court of Court of Appeals of the Armed Forces, interpreted Teague and applied it to the to the military courts. So I mean, it's an odd situation where we're basically, you know, the ruling of the Supreme Court, and we analyze whether it's retroactive to the state courts. And here, the argument is not really, that's not really the argument. The argument is, by analogy, the state court would violate the habeas context, if it changed its rule. And I'm not sure that's the way Teague analysis works. Any response? Is there? So first of all, your honor, the government's position is that we not need not even reach the question of Teague, because there are two procedural bars. No, I understand that. I'm just kind of curious as a broader, because to me, it kind of folds into this argument about deference. That's right. So the government's position is that if analyzing whether a new rule applies retroactively on habeas petition, the government would agree that Teague is the appropriate analysis. Because it raises the question of, once a once a new court decision is issued, there's always going to be a question of whether or not it applies retroactively. And at least in the military courts, they've said that when on, if a new opinion comes out on direct review, then while or while other cases are pending on direct review, the military courts will apply that. And where a opinion comes out after a case is final under UCMJ article 67. So essentially, after entry, appeals and entry of judgment, they will only apply, apply the rule retroactively under the Teague analysis. So even if the terms of Teague itself as set up by the Supreme Court, don't don't necessarily apply, military courts have said that they apply the same analysis. Well, correct. But I guess my question is more to our role, not the military courts role. Because basically, the arguments made here is that if we get that far, we should do a Teague analysis ourselves and analyze whether military courts have properly followed the rules. And to me, that seems a little backwards on Teague. Mr. Archer, to the extent that this court would defer back to the military courts, I would agree with that. The military courts are in the best position. And if this court were to somehow grant habeas relief, one, the government would ask the court to shortcut that process by doing the analysis and finding, if it finds that the military courts will likely rule against the petitioner, then to go ahead and dismiss the petition. But if this court felt like the military courts would find favorably for petitioner under Teague, then that case, if the court were to grant habeas, then to defer to the military courts. Thank you. Several issues in this case come down to reasonableness, both whether counsel provided constitutionally deficient defense on appeal, and whether under Teague, Hills was a new rule, both are determined by reasonableness. And here we have empirical evidence that at the time of Lewis's direct appeals, it would have been reasonable to assume that charged offenses could be used as defense because we have nine out of nine appellate judges on three different service branch appellate cases, all believing that charged offenses could be used as evidence. And these cases occurred in reading time between appellants case and between and before when Hills was decided. And so therefore, we have empirical objective evidence of the reasonableness. And that's in addition to all the trial defense counsel, and the trial judges and the parent jury instructors. So looking back at this moment in time in 2014, an appellate counsel could have had one of two reasonable courses of action. They could have challenged propensity and instruction, or they could have waived it in favor of arguing what at the time appeared to be stronger arguments. Appellate counsel here chose the latter, which was perfectly appropriate. Now, appellant seeks to raise a couple other cases in their brief, Bray and Willenbray, to try to invalidate the Air Force Courts 2017 quorum novus opinion. But Bray itself is inapplicable here because by its own terms, it was a capital case. It was rather sui generis, in that later courts recognize Bray was a result of what's called a do loop in which the high military court referred to the district court, district court referred back to the high military court. And that do loop only ended when the high military court disavowed jurisdiction. And Bray itself was a capital case, where the issue was not just finality under USMJ article 67, but finality in all regards, because the great petitioner had exhausted his military appeals and had exhausted his petition for writ of certiorari. And the president had ordered his capital sentence to be executed, meaning that the great petitioner would never finish serving his sentence, and therefore became a legal impossibility for him to ever obtain quorum novus relief. And were without jurisdiction on quorum novus relief. Now, looking at cases that came out subsequent to Bray, we'll see that the Air Force Court and the high military court have both continued considering quorum novus petitions on the merits after article 67 finality. In Sutton v. U.S. 78 M.J. 537, the Air Force Court compared four different types of writs and found that it still had quorum novus jurisdiction. And Richard v. Barrett v. M.J. 164, the high military court compared a habeas petition and quorum novus, denied the habeas for jurisdictional grounds, but considered and denied quorum novus on the merits. And so Bray did not invalidate the 2017 Air Force Court opinion on Lewis, which is the binding precedent on this conclusion. The petition fails to overcome any of the five responsive tests needed to even reach the Hills era. It's not the role of this court on habeas review to allow the appellant a redo of his strategic voice on direct appeal. Additionally, this court should defer to the military court's decision on that was fully and fairly considered that Hills was not retroactive to this case. So the district court correctly denied this petition on procedural defaults. And we asked this court to uphold that ruling. Thank you. Thank you, counsel. We'll hear rebuttal. Your Honor, with respect to the procedural default, the district court correctly found that ineffective assistance of counsel would excuse procedural default. And I hear my friend argue both in the papers in here today, that the very lawyer who was ineffective, somehow had the obligation to raise the argument that he was ineffective. That isn't required for procedural default. And with point of fact, when we raised quorum novus before the CAF, specifically at page 12 of the writ appeal petition, we did raise the ineffective assistance of counsel of prior appellate defense counsel on direct appeal. With respect to full and fair consideration, my friend is absolutely right that military felons are now stuck in a do loop. And we are stuck in a do loop of the court of appeals for the armed forces making, and that comes in gray, where the court says, quote, the threshold question is whether this court has jurisdiction to entertain a request for quorum novus in a case that is final in all respects under the UCMJ, we military petitioners have a decision like Hills, that in wars to their benefit, they go to the military courts, and the appellate government divisions there say, you cannot meet the threshold conditions for quorum novus, go to an article three court, the court of appeals, the armed forces went even further and said, we don't have jurisdiction whatsoever to hear these cases. They did that in both gray and willing bring, where they actually overturned the decision in willing brings case, his very case, and they told him to go to a court with appropriate jurisdiction. And now, when we and the reason that you have to active duty judge advocates appearing before the Ninth Circuit, is because we have accepted the government's invitation to go to article three court to vindicate senior airmen Lewis's rights. And now before the Ninth Circuit, they argue that we were fully and fairly heard by a court that disclaims jurisdiction. Only this court can break that do just as the Supreme Court ultimately had to do in gray by saying that the Tenth Circuit had to address the the issues there. Now, with respect to this court's precedent, and specifically page 1448 of Davis, the quote is such determinations, however, must be consistent with the Constitution. And within the authority of the court martial, they are thus collaterally reviewable for constitutional jurisdiction or jurisdictional error. And here we have constitutional error, that whatever Burns v. Wilson means, we can, again, satisfy the narrow review under 1331. And if you look at the actual review in Burns v. Wilson, where there was oral argument, where there was briefing, multiple rounds of briefing in that case, that pales in comparison to the summary denial that was issued in this day, in this case, and issued on the very same day that the Court of Appeals for the Armed Forces disavowed its jurisdiction to hear quorum novus petitions in gray. There's no reason to conclude that it did anything other than that, in this case. And unless the court has any other questions, I thank the court for time. Well, thank you both for your arguments today. They've been very helpful to the court. And these just argued will be submitted for decision.
judges: O'scannlain, Thomas, Ezra